IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIM. NO. TDC-20-046 |
| | * | |
| WILLIAM COX, a/k/a "Dollar," | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*

## GOVERNMENT'S SENTENCING MEMORANDUM

The Government submits this memorandum in advance of the Defendant's sentencing, scheduled for June 7, 2022 at 9 a.m. For the reasons set forth below, the Government requests that the Court sentence the Defendant to **33 months' imprisonment**, with the sentence to run **consecutive** to any term of imprisonment currently being served by the Defendant.

**I.      Factual and Procedural Overview**

The Defendant was indicted along with 14 co-conspirators on February 5, 2020. The Defendant was charged with racketeering conspiracy, 18 U.S.C. § 1962(d), and conspiracy to distribute and possess with intent to distribute controlled substances, 21 U.S.C. § 846.

The aforementioned charges stemmed from the Defendant's participation in a scheme to smuggle contraband into the Jessup Correctional Institution ("JCI"), which was made possible by bribes paid to certain JCI correctional officers and personal relationships

1

between those same correctional officers and certain JCI inmates. The indictment charged two correctional officers, six inmates, and seven so-called "outside facilitators," *i.e.*, individuals located outside the prison who supplied contraband and paid bribes to the correctional officers at the request of the inmates. As alleged in the indictment and described in the Stipulation of Facts to the Defendant's plea agreement, part of the scheme was tied directly to the Defendant's relationship with correctional officer (and co-Defendant) Dominique Booker, with whom the Defendant maintained a romantic relationship.

As explained in more detail below, almost immediately after the Defendant was appointed counsel, the Defendant advised the Government, through counsel, that he wished to plea guilty. Because of the COVID-19 pandemic, however, the parties were not able to enter into a formal plea agreement until almost the end of 2021. The Defendant was finally arraigned before this Court on March 2, 2022, at which time he entered a plea of guilty as to Count One of the indictment (racketing conspiracy). *See* ECF No. 408.

Sentencing is set for June 7, 2022 at 9 a.m.

**II.     Guidelines Calculation**

The Government agrees with the Guidelines computation contained in both the plea agreement and the Pre-Sentence Report. After taking into account the applicable enhancements and the Defendant's acceptance of responsibility, the adjusted offense level is 18. In light of the Defendant's criminal history category (category III), the **applicable advisory Guidelines range is 33–41 months**.

2

**III.     The Government's Recommendation and Sentencing Factors under 18 U.S.C. § 3553(a)**

Section 3553(a) of Title 18 provides that a sentencing court "shall impose a sentence sufficient, but not greater than necessary," to (1) "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; (2) "afford adequate deterrence to criminal conduct"; (3) "protect the public from further crimes of the defendant"; and (4) "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  In addition to these sentencing goals, a sentencing court must take into account, among other things, (1) the history and characteristics of the defendant; (2) the nature and circumstances of the offense; and (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.*  In this case, the parties have entered into a written agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which calls for the Government to recommend a sentence of 33 months' imprisonment.  The Government submits that a sentence of 33 months imprisonment, while at the bottom of the advisory Guidelines range, is consistent with the factors and mandates set forth in Section 3553(a).

There is no question that the conduct in this case is very serious, as it undermines the public's faith in our criminal justice system.  And the conduct with respect to this particular defendant is further aggravated by the fact that the Defendant was at the center of the scheme; after all, the Defendant was one of the two *key* inmates—the other being

Darnell Smith a/k/a "Hook"—who maintained a close, personal relationship with a correctional officer, which permitted the scheme to be carried out. (The Defendant's role at the center of this scheme is reflected in the Guidelines calculation, as the Defendant should receive an enhancement for being an organizer, leader, manager, or supervisor in the criminal activity.). In short, the nature and circumstances of the offense are aggravated, and they call for a sentence of several years in prison.

This Court has previously stated at sentencing proceedings in this matter that the nature and circumstances of the offense conduct militates in favor of a sentence at or near the top end of the advisory Guidelines range(s). (Of course, this Court has also noted that the nature and circumstances of the offense conduct are just one component of the Section 3553(a) analysis.). Because the Government is recommending a sentence at the bottom of the advisory Guidelines range for the Defendant, the Government will take this opportunity to shed some additional light on its recommendation.

There are two main reasons for the Government's recommendation of 33 months' imprisonment, and they are closely related to one another.

First, the Government has recommend a sentence within the advisory Guidelines range for every inmate-defendant to be sentenced in this case. Indeed, as indicated below, the Government's sentencing recommendations typically have been at or near the bottom of the advisory Guidelines range:

| Defendant | Guidelines Range | Government Recommendation | Sentence Imposed |
|---|---|---|---|
| Page Boyd | 46–57 months | 48 months | 48 months |
| Kenneth Fonseca | 33–41 months | 33 months | 33 months |
| Marshall Hill | 46–57 months | 50 months | 48 months |
| Darnell Smith | 63–78 months | 66 months | 63 months |
| William Cox | 33–41 months | 33 months | -- |

The Government acknowledges, however, that it has not always made a recommendation at the *very* bottom of the Guidelines range, which it is doing for the current defendant. This leads to the Government's second point.

As alluded to above, the Defendant was one of the first two defendants in this case to come forward and express a willingness to plead guilty, and he did so before much of U.S. society was shut down due to the COVID-19 pandemic. At the time the Defendnat expressed his willingness to accept responsibility and plead guilty, this was a significant case development; in the Government's view, a very early plea from one of the "lead" defendants would have a ripple effect in the case writ large. As such, the Government extended a plea offer at the bottom of what it calculated to be the bottom of the anticipated Guidelines range, and defense counsel indicated the Defendant's intent to accept it (again, within weeks of the case being indicted). Unfortunately, societal shutdowns due to the COVID-19 pandemic had the effect of gumming up the works in terms of case progression. In short, the Government's offer was informed, in part, by the timing of the Defendant's expression of his intent to plead guilty and the anticipated effect that would have on the

5

rest of the defendants.

Finally, the Government notes that, according to the Pre-Sentence Report, the Defendant is projected to be released from Maryland state prison in 2037, which would make him about 60 years old at the time of his release. Should the Court accept the parties' proposed resolution and sentence the Defendant to 33 months' imprisonment, consecutive to his state sentence, the Defendant likely would be over the age of 62 when he is released from prison. Certainly a sentence of imprisonment in this case is necessary to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," but a sentence of imprisonment more than 33 months likely would not advance—at least meaningfully—the other goals of sentencing, such as promoting deterrence and protecting the public from future crimes of the Defendant.

### IV. Conclusion

In light of all of the factors set forth above, the Government recommends that the Defendant be sentenced to **33 months' imprisonment** (consecutive to any term of imprisonment currently being served by the Defendant). The Government submits that such a sentence would be sufficient but not greater than necessary to accomplish the purposes of sentencing under the § 3553(a) factors.

> Very truly yours,
>
> Erek L. Barron
> United States Attorney
>
> _____
> Christopher M. Rigali

Assistant United States Attorney
(410) 209-4800
christopher.rigali@usdoj.gov